# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE M. VARGAS, SR., | CASE NO. 1:11-cv-00153-SKO PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| B. GORDIN, et al., | (Doc. 1) |
| Defendants. | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |

**Screening Order**

I. **Screening Requirement and Standard**

Plaintiff Eddie M. Vargas, Sr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 24, 2011. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's

allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.    **Plaintiff's Property Claim**

Plaintiff, who is currently incarcerated at R. J. Donovan Correctional Facility in San Diego, brings this action against B. Gordin, a correctional officer, and Sergeant D. Dean, a sergeant, based on the alleged violation of his right to possess personal property while he was at Sierra Conservation Center (SCC) in Jamestown.

Plaintiff was transferred to SCC on November 6, 2009, and upon his arrival, Defendant Gordin provided him with his personal property, minus ten music cassettes deemed to be excess property. Defendant Gordin told Plaintiff that he could donate the excess property, destroy it, or send it home, but Defendant agreed to hold the property while Plaintiff appealed the issue.

On December 22, 2009, Defendant Gordin denied Plaintiff's inmate appeal, and Plaintiff submitted it to the next level. Defendant Dean denied the appeal on January 13, 2010, and falsely stated, without having inspected the cassettes, that they had been recorded over and were considered contraband.

On March 13, 2010, Plaintiff met with Defendant Gordin, who again told him that his cassettes were being disallowed because inmates may only possess ten music CDs or cassettes.

///

Defendant Gordin told Plaintiff that the cassettes were in a sealed box locked in "receiving and release." Plaintiff attempted to contact Defendant Dean on March 14, 2010, to discuss the basis for her conclusion that the cassettes had been recorded over, but Defendant did not respond. On June 23, 2010, Plaintiff's appeal was denied at the third and final level of review.

Plaintiff alleges that Defendant Dean violated his right to possess personal property and manufactured a false report to deprive him of his property.

Section 1983 provides a cause of action only for the violation of constitutional or other federal rights by those acting under color of state law. E.g., Patel v. Kent School Dist., 648 F.3d 965, 971 (9th Cir. 2011); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.[1]

An intentional falsification of a report to wrongfully deprive an inmate of his personal property would be an *unauthorized* act not redressable under the Due Process Clause. Further, assuming an *authorized* and therefore actionable deprivation occurred, Plaintiff's allegations belie any claim that he was deprived of personal property without due process of law. Plaintiff does not have a constitutionally protected right to unrestricted possession of personal property in his cell while in prison, and his disagreement with the determination that his cassettes were excess property and/or contraband does not provide a basis for liability under section 1983. See Hudson, 468 U.S.

---

[1] California provides an adequate post-deprivation remedy. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§810-895).

at 524 ("[I]mprisonment carries with it the circumscription or loss of many significant rights.")

In conclusion, the facts underlying Plaintiff's claim do not support a claim for relief under the Due Process Clause and therefore, section 1983 offers no redress.  Because this deficiency is not capable of being cured through amendment, dismissal without leave to amend is appropriate.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

### III. Order

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is DISMISSED, with prejudice, for failure to state a claim under section 1983; and

2. This dismissal is subject to the "three-strikes" provision set forth  in 28 U.S.C. § 1915(g).  <u>Silva v. Vittorio</u>, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

**Dated:   February 21, 2012**            /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE